UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CROP PRODUCTION SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 2:12-cv-182-WGH-JMS |
| ) | |
| ROBINSON V., INC., and ) | |
| BYRON E. ROBINSON, ) | |
| ) | |
| Defendants. ) | |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR APPOINTMENT OF RECEIVER

This matter came before me, William G. Hussmann, Jr., United States Magistrate Judge, on the Plaintiff's Motion for Appointment of Receiver filed September 30, 2015. (Dkts. 138-39.) Defendant Robinson V filed its response in opposition to the motion on October 25, 2015. (Dkt. 141, 143.) Oral argument was held on November 20, 2015.

Upon consideration of the evidence given by Michael Clem and Michael Morrison on November 20, 2015, and Exhibit A-1 and Plaintiff's Exhibits 1 and 2, and being duly advised, I now **DENY** the Motion for Appointment of Receiver.

I agree that "[t]he receiver's role, and the district court's purpose in the appointment, is to safeguard the disputed assets, administer the property as suitable, and to assist the district court in achieving a final, equitable distribution of the assets, if necessary." (*See* 13 Moore's Federal Practice pp.

66.02-03 (3d ed. 1999), as cited in *Liberte Capital Group LLC v. Capwill*, 462 F.3d 543, 551 (6th Cir. 2006).

I further agree that there are numerous factors in determining whether to appoint a receiver, but those must include:

(1) the existence of a valid claim by the party seeking the appointment;

(2) the probability that fraudulent conduct has occurred or will occur to frustrate that claim;

(3) imminent danger that the property will be concealed, lost, or diminished in value;

(4) inadequacy of legal remedies;

(5) lack of a less drastic equitable remedy; and

(6) likelihood that appointing a receiver will do more good than harm.

*Aviation Supply Corp. v. R.S.B.I. Aerospace, Inc.*, 999 Fed.2d 314, 316-17 (8th Cir. 1993).

In this case, Robinson V is a corporation that formerly engaged in farming but is no longer actively engaged in farming. Because it is not engaged in the business of farming, the purpose of the receiver in this case would be limited to the liquidation of certain assets that are admitted to be in existence and the review of books and records to determine whether there are other assets not previously disclosed by Robinson V. In this particular case, the focus of the review of books and records is to determine whether certain references to "notes receivable" listed on financing statements and tax returns exist and whether the obligors under those notes may be required to satisfy the debt obligations (if they

exist) by making payment to Plaintiff. I make the following findings as to each element that I will weigh as required by case law.

**Factor 1:    The Existence of a Valid Claim by the Party Seeking the Appointment**

It is clear that Plaintiff has a valid Judgment.

**Factor 2:    The Probability That Fraudulent Conduct Has Occurred or Will Occur to Frustrate That Claim**

It appears that financing statements tendered to Plaintiff to encourage it to approve credit lines contain statements that were inaccurate or at least subject to significant dispute. I am not willing to draw the inference that Robinson V or its shareholders engaged in tortious or criminal conduct in the manner in which they conducted their financial affairs. Rather, I draw the inference that the complexities of the large-scale farming business, inter-family relationships, and sometimes ill-advised attempts at family farm estate planning can result in transactions that raise issues of whether such transfers can be said to result in conveyances which might "defraud" creditors. However, there has been no showing that fraudulent conduct has occurred to secrete assets to frustrate the ability of Plaintiff to collect once the Judgment was obtained. I conclude that Plaintiff has not in this case proven by a preponderance of the evidence that fraudulent conduct has occurred since the entry of the Judgment at this time.

**Factor 3:    Imminent Danger That the Property Will Be Concealed, Lost, or Diminished In Value**

The grain storage system and the land upon which it is built that is owned by Robinson V has not been shown to be concealed, lost, or diminished in value.

Neither has there been a showing at this time that any farm equipment has been concealed, lost, or damaged other than normal wear and tear.  I note that all of these assets are subject to security agreements or leases under which secured creditors have an interest in seeing that those pieces of real and personal property admittedly owned by Robinson V in this case are not concealed, lost, or diminished in value.  Lease payments to bona fide secured creditors are being made with respect to those items.  I conclude that Plaintiff has not proven imminent danger that the property that is admitted to be in the control of Robinson V will be lost or diminished in value.

**Factor 4:   Inadequacy of Legal Remedies**

In this case, I conclude that there are adequate legal remedies available to Plaintiff to begin the collection process.  Specifically, they may seek orders for attachment of Robinson V's leasehold interest in the grain storage system and farm equipment and may proceed to the legal sale of those interests.  They are also entitled to an Order from this Court directed at Robinson V and Subpoenas from this Court directed to third parties who are purportedly obligors to Robinson V to provide documentation concerning any obligations those entities might have incurred.  At this stage, Plaintiff has failed to demonstrate inadequacy of legal remedies.

**Factor 5:   Lack of a Less Drastic Equitable Remedy**

Because this Court has concluded that there remain adequate legal remedies, the lack of a less drastic equitable remedy does not mandate the appointment of a receiver in this case.

**Factor 6: Likelihood That Appointing a Receiver Will Do More Good Than Harm**

I do not believe the appointment of a receiver is necessary for the liquidation of the assets which Robinson V admits that it owns. To add a receiver to that process only would add an additional layer of costs not necessary for that liquidation. The costs of a receiver to investigate the existence of books and records is not necessary, at least until such time as the Court is convinced that Robinson V and those who control it have not made a good faith response to any order the Court may issue for documentation in support of entries made on the tax returns it has filed.

## Conclusion

The appointment of a receiver is a drastic remedy that should be used only when all other methods of legal remedies have failed. Plaintiff has failed to make the necessary showing at this time that such an unusual remedy should be required by the Court. I do conclude that legal remedies do remain for the collection of the Judgment, and Plaintiff is free to pursue those remedies.

**SO ORDERED.**

**Dated:** December 7, 2015

WILLIAM G. HUSSMANN, JR.
Magistrate Judge

**Served electronically on all ECF-registered counsel of record.**