UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CROP PRODUCTION SERVICES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:12-cv-00182-MJD-JMS |
| | ) |
| ROBINSON V., INC., | ) |
| BYRON E. ROBINSON, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| ROBINSON EXCAVATION LLC, | ) |
| ROBINSON SONS LLC, | ) |
| BYRON T. ROBINSON, | ) |
| MICHAEL E. ROBINSON, | ) |
| | ) |
| Garnishees. | ) |
| | ) |
| DEERE CREDIT, INC., | ) |
| DEERE & COMPANY, | ) |
| | ) |
| Intervenors. | ) |

**ORDER ON MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on the *Joint Motion for Entry of a Discovery Protective Order* filed by Garnishee Defendants Robinson Sons LLC, Robinson Excavation LLC, Michael E. Robinson, Byron T. Robinson, and Byron E. Robinson[1] ("Garnishee Defendants"). [Dkt. 232.] For the reasons set forth below, the Court **DENIES** the Motion.

---

[1] On January 2, 2018, this Court granted Plaintiff's Sixth Motion for Proceedings Supplemental and Request for Garnishment and named Byron E. Robinson as a garnishee defendant. [Dkt. 244.] A Notice of Garnishment Proceedings had been served on Byron E. Robinson. [Dkt. 246.] Accordingly, Byron E. Robinson was properly brought under the jurisdiction of this Court as a garnishee defendant.

1

**I.     Background**

Plaintiff Crop Production Services, Inc. ("CPS") owns a judgment entered on January 23, 2015 against Defendant Robinson V., Inc. in the amount of $3,000,000 and against Defendant Byron E. Robinson in the amount of $2,000,000, jointly and severally (the "Judgment"). [Dkt. 89.] The Judgment against Byron E. Robinson has been fully satisfied, but the Judgment against Robinson V., Inc. has been only partially satisfied. [Dkt. 244.] As of December 12, 2016, Robinson V., Inc. still owes $958,239.38 plus additional post-judgment interest that continues to accrue at $202.01 per day. [Dkt. 244 at 2.]

CPS asserts that approximately seventy-four (74) items of equipment on which Robinson V., Inc. claimed depreciation for federal income tax purposes should be subject to execution and sale in order to satisfy the Judgment against Robinson V., Inc. [Dkt. 235 at 2.] The items of equipment include combines, tractors, farming implements, and vehicles. [*Id.*] CPS argues that Robinson V., Inc. is the owner of the equipment because only the owner of an asset is entitled to claim depreciation on that asset. [Dkt. 235 at 3.] However, Garnishee Defendants assert that they are the owners of the disputed equipment and Robinson V., Inc. is only the lessee of the equipment. [*Id.*] Thus, CPS seeks to examine Garnishee Defendants' tax returns and return information to verify this information. [*Id.*]

In addition, Robinson V., Inc. also listed certain notes receivable as assets and certain notes payable as liabilities on its federal income tax returns. [*Id.* at 4.] In their responses to CPS's interrogatories, Garnishee Defendants asserted that they do not owe any valid debt to Robinson V., Inc. and that Robinson V., Inc. does not owe any debt to them. [Dkt. 139-5; Dkt. 139-6; Dkt.

139-7; Dkt. 139-8.] As a result, CPS also seeks to examine Garnishee Defendants' tax returns and return information to verify these assertions.

CPS proposes to serve nonparty requests on Garnishee Defendants' accountants to obtain Garnishee Defendants' tax returns and return information. [Dkt. 235 at 5.] Garnishee Defendants object. After the parties failed to resolve the dispute informally, this Motion follows.

## II. Discussion

Under Federal Rule of Civil Procedure 26, a "court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1). The party from whom discovery is sought bears the burden to show that such a protective order is warranted. *See Felling v. Knight*, 211 F.R.D. 552, 554 (S.D. Ind. 2003) ("The party seeking a protective order has the burden to show good cause for it.").

In this case, Garnishee Defendants seek a protective order preventing CPS from obtaining Garnishee Defendants' tax returns and return information. Therefore, they have the burden to show that such a protective order is warranted. Garnishee Defendants make three main arguments to support this Motion:[2] (1) Garnishee Defendants are not "parties" in this case and thus CPS cannot seek production of Garnishee Defendants' tax returns and return information; (2) the tax returns are not relevant to this matter; and (3) tax returns and return information are confidential and/or privileged. The Court addresses each argument in turn.

---

[2] Garnishee Defendants also argue that pursuant to Local Rule 37-1(b), CPS has been given the option three times to file a motion to compel to resolve the dispute, but each time had failed to do so. [Dkt. 233 at 3.] Thus, Garnishee Defendants argue that by failing to address this issue, CPS has waived its right to do so. [*Id.*] However, Local Rule 37-1(b) provides that "[i]n the event that the discovery dispute is not resolved [], counsel **may** file a motion to compel or other motion raising the dispute." S.D. Ind. R. 37-1(b) (emphasis added). The Rule does not require CPS to file a motion to compel but rather only allows it to do so. Thus, failure to file a motion to compel at a particular time does not constitute a waiver of the discovery dispute.

A. **Scope of Discovery**

Garnishee Defendants argue that in Indiana, garnishment proceedings are merely "ancillary and supplemental to the original lawsuit," and thus, Garnishee Defendants are not real "defendants" but rather are just "third parties" to the litigation. [Dkt. 233 at 4; Dkt. 237 at 6.] Citing Indiana Code § 34-55-8-5, which governs appearance of third parties in proceedings supplemental, Garnishee Defendants maintain that since nothing in the statute requires third parties to respond to a request for production, CPS's proposed discovery requests exceed CPS's permitted discovery methods, and thus, a protective order is proper. [*Id.*] This argument is without merit.

Federal Rule of Civil Procedure 69 states that: "The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies." Fed. R. Civ. P. 69(a)(1). This action is pending in Indiana and no party has suggested that a federal statute governs the collection of CPS's Judgment. [*See* Dkt. 232; Dkt. 233; Dkt. 235; Dkt. 237.] The law of Indiana therefore controls.

Under Indiana law, in a proceedings supplemental, a garnishee defendant is "**joined as a party** and is required to answer as to non-exempt property held by the garnishee of the judgment-debtor or an obligation owning from the [garnishee defendant] to the judgment-debtor." *Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, No. 1:01–CV–00799–RLY–MJD, 2017 WL 4269880, at *3 (S.D. Ind. 2017) (emphasis in original) (quoting *Keaton v. Fort Wayne Neurosurgery*, 780 N.E.2d 1183, 1185 (Ind. Ct. App. 2003)). In *Symons*, this Court specifically rejected garnishee defendant's argument that he was a "non-party" in the proceedings supplemental. *Id*. This Court reasoned that:

4

> Courts in different circuits have also agreed that garnishee defendants are joined as parties in a lawsuit. For example, in *Conversion Chemical Corporation v. Dr.-Ing. Max Schloetter Fabrik Fur Garvantechnik & Lea-Ronal, Inc.*, the court held that where garnishee was brought under jurisdiction of court by judicial process and a judgment might be rendered for or against it in supplemental proceeding, the garnishee was "sufficiently a 'party'" to be subject to an order requiring garnishee to produce documents under Federal Rule of Civil Procedure 34. *Conversion Chem. Corp. v. Dr.-Ing. Max Schloetter Fabrik Fur Garvantechnik & Lea-Ronal, Inc.*, 49 F.R.D. 126, 128 (D. Conn. 1969).

*Id.* at *3.

Here, similar to the garnishee defendant in *Symons*, each Garnishee Defendant was brought under jurisdiction of this Court by judicial process. [*See* Dkt. 131; Dkt. 246.] On August 28, 2015, Robinson Excavation LLC, Robinson Sons LLC, Michael E. Robinson, and Byron T. Robinson were properly served by CPS with a summons and a Notice of Garnishment Proceedings and Order to Answer Interrogatories. [Dkt. 131.] Similarly, on January 2, 2018, Byron E. Robinson was properly served by CPS with a summons and a Notice of Garnishment Proceedings. [Dkt. 246.] Thus, Garnishee Defendants are sufficiently "parties" in this proceedings supplemental.

In addition, Indiana Trial Rule 69(E) governs proceedings supplemental. Ind. R. Trial P. 69(E). The Rule provides that in "aid of the judgment or execution, the judgment creditor … and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery **or** as provided under the laws allowing proceedings supplemental." *Id.* (emphasis added). Federal Rule of Civil Procedure 69(a)(2), meanwhile, states that "the judgment creditor … may obtain discovery from **any person**—as provided in these rules **or** by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2) (emphasis added). Both state and federal rules thus allow for discovery in proceedings supplemental. Moreover, in considering the procedure by which discovery is conducted, the Court has considerable

5

discretion: "We do not think the draftsmen of Rule 69 meant to put the judge into a procedural straitjacket, whether of state or federal origin." *Resolution Trust Corp. v. Ruggiero*, 994 F.2d 1221, 1226 (7th Cir. 1993).

Here, the fact that Garnishee Defendants are "parties" and not merely "any person" with regard to these proceedings supplemental only strengthens CPS's assertion that it can seek related discovery from Garnishee Defendants. Garnishee Defendants' argument that because Indiana Code § 34-55-8-5 only states that courts have the power to order a garnishee defendant to answer interrogatories, all other not-mentioned discovery tools must be unavailable in proceedings supplemental, is without merit. *See* Ind. Code §34-55-8-5. As stated above, Indiana Trial Rule 69(E) provides that in "aid of the judgment or execution, the judgment creditor … and the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery **or** as provided under the laws allowing proceedings supplemental." Ind. R. Trial P. 69(E) (emphasis added). Garnishee Defendants even acknowledged that the word "or" presents in the rule's language. [Dkt. 237 at 8.] Under Federal Rule of Civil Procedure 69(a)(2), which is the law allowing proceedings supplemental in this case, "the judgment creditor … may obtain discovery from any person—as provided in these rules or by the procedure of the state where the court is located." Fed. R. Civ. P. 69(a)(2). The Rule does not limit a judgment creditor to any specific tools of discovery but rather gives the judgment creditor a broad right to "obtain discovery." Thus, under federal law, the usual methods of discovery are available to CPS.

Furthermore, Indiana Trial Rule 69(E) also states that "the judgment debtor may utilize the discovery provisions of these rules in the manner provided in these rules for discovery." Ind. R. Trial P. 69(E). Indiana Trial Rule 34 allows a party to serve requests for production on both parties and non-parties in a lawsuit. Ind. R. Trial P. 34. While Indiana Code § 34-55-8-5 only

mentions the courts' power to order a garnishee defendant to answer interrogatories, "[s]o long as two statutes can be read in harmony with one another, we presume that the Legislative intended for them both to have effect." *State v. Universal Outdoor, Inc.*, 880 N.E.2d 1188, 1191 (Ind. 2008). As a result, the rules governing both federal and state proceedings supplemental allow use of the usual methods of discovery.

Additionally, on an even more fundamental level, the discovery at issue is not "party" discovery to the Garnishee Defendants. Rather, it is discovery directed to nonparties—the accountants of the Garnishee Defendants. Therefore, the Garnishee Defendants' arguments regarding what discovery may be served on a "party" is wholly irrelevant to the instant discussion. The subpoenas in question are certainly proper nonparty discovery to the accountants on which the subpoenas will be served.

Accordingly, federal and state law support CPS's assertion that it may serve a request for production of documents in a proceedings supplemental. The Court proceeds to determine whether Garnishee Defendants' tax returns and return information are relevant in this proceedings supplemental.

**B. Relevancy**

CPS argues that Robinson V., Inc. is the owner of the disputed equipment because only the owner of an asset is entitled to claim depreciation on that asset. [Dkt. 235 at 3.] Garnishee Defendants maintain that they are the actual owners of the disputed equipment and Robinson V., Inc. is only the lessee of those equipment. [Dkt. 210; Dkt. 233; Dkt. 237.] Similarly, CPS argues that Robinson V., Inc. has listed certain notes receivable as assets on its federal income tax returns showing Garnishee Defendants owe Robinson V., Inc. certain monies. [Dkt. 235 at 4.]

However, Garnishee Defendants maintain that they do not owe any debt to Robinson V., Inc. [Dkt. 210; Dkt. 233; Dkt. 237.]

Garnishee Defendants initially argued that the documents sought are "not 'relevant to the subject matter of the action,' which was a contract dispute between CPS and Robinson V., Inc. and Byron E. Robinson." [Dkt. 233 at 9.] Garnishee Defendants later argue that "[i]t is a fallacy that simply because a 'note receivable' is on Robinson V., Inc.'s income tax return that a corresponding note payable in on an individual [Garnishee Defendants' income tax returns]." [Dkt. 237 at 3.] Rather, Garnishee Defendant assert that CPS's very broad discovery effort is a "fishing expedition." [Dkt. 237 at 5.] In response, CPS argues that it is relevant for CPS to "examine the tax return information of [Garnishee Defendants] to discover whether their representations to the IRS on their income tax returns match their representations made in these proceedings supplemental." [Dkt. 235 at 3.] The Court addresses the arguments in turn.

Federal Rule of Civil Procedure 26(b)(1) states that a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Federal Rule of Evidence 401 provides that an evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and where "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance in discovery is broader than relevance at trial; during discovery, 'a broad range of potentially useful information should

8

be allowed' when it pertains to issues raised by the parties' claims." *Bank of Am., Nat'l Ass'n v. Wells Fargo Bank, N.A.*, 2014 WL 3639190, at *3 (N.D. Ill. July 23, 2014) (quoting *N.L.R.B. v. Pfizer, Inc.*, 763 F.2d 887, 889–90 (7th Cir. 1985)).

Here, a careful review of the record shows that Garnishee Defendants' tax returns and return information are relevant in this proceedings supplemental. The parties dispute whether Robinson V., Inc. owns certain equipment that it claimed depreciation on its federal income tax return and whether Garnishee Defendants owe Robinson V., Inc. any debt. This is a material factual dispute given the nature of this proceedings supplemental. Garnishee Defendants' tax returns and return information have the "tendency to make a fact more or less probable than it would be without the evidence" because they would show, for example, whether Garnishee Defendants also claimed depreciation on the disputed equipment and/or whether they represented to the IRS that they owe any debt to Robinson V., Inc.

Moreover, the information sought is not cumulative or duplicative because CPS has cited to direct evidence that undermines Garnishee Defendants' claims that they own the disputed equipment and that they do not owe Robinson V., Inc. any debt. *See* Fed. R. Civ. P. 26(b)(2); *see also U.S. v. Various Assets of Harry Kaufmann Motorcars, Inc., of Milwaukee Wis.*, 769 F. Supp. 299 (E.D. Wis. 1991) (A protective order was proper because beyond making conclusory statements that the witness's tax returns contained information that would bear on a key witness's veracity or credibility, the claimant did not identify any evidence to support his claim.).

Here, CPS clearly identifies contradictory evidence which undermines Garnishee Defendants' position that they own the disputed equipment. In addition, CPS also provides substantial reasons why Garnishee Defendants' tax returns would help prove its assertion. Robinson V., Inc.'s income tax returns showed that it claimed depreciation on the disputed

equipment. [Dkt. 203-18.] Moreover, Robinson V., Inc.'s former accountant testified that the owner of an asset should be the one who claims depreciation on that asset; if a person does not own an asset, it would be improper for that person to claim depreciation on that asset. [Dkt. 203-20 at 47-48.] Thus, the fact that Robinson V, Inc. took depreciation on the disputed equipment is evidence that Robinson V, Inc. is the owner of the equipment. Garnishee Defendants claim that they are the actual owners of the disputed equipment, and Robinson V., Inc. is only the lessee. This allegation could be discredited if Garnishee Defendants' tax returns do not show that they took depreciation on the equipment.[3]

Similarly, there is evidence that undermines Garnishee Defendants' claim that they do not owe Robinson V., Inc. any debt. Robinson V., Inc.'s income tax returns listed certain notes receivable as assets. [Dkt. 203 at 8.] Robinson V., Inc.'s former accountant also testified that the notes receivables are assets because they represent funds actually owning to Robinson V., Inc. [*Id.*] The notes receivable show that Garnishee Defendants are obligated to repay monies to Robinson V., Inc. [*Id.*] A review of Garnishee Defendants' tax returns and return information would likely shed additional light on this factual dispute. Accordingly, Garnishee Defendants' tax returns and return information are certainly relevant to this proceedings supplemental.

### C. **Privilege/Confidentiality**

Garnishee Defendants also argue that the tax returns and return information are privileged and/or confidential information because: (1) 26 U.S.C. § 6103 provides that tax returns and return information "shall be confidential;" (2) Indiana accountant-client privilege applies; and (3)

---

[3] The Court notes that Robinson V., Inc. and Garnishee Defendants used the same accountants. [Dkt. 203-20 at 6; Dkt. 203-21 at 6.] It is highly unlikely that the same accountant would submit tax returns that take depreciation on the same equipment for two different individuals or entities.

there is a "qualified privilege" against disclosing Garnishee Defendants' tax returns and return information. These arguments are without merit.

First, the documents sought are not confidential under 26 U.S.C. § 6103. The Seventh Circuit has specifically spoken on this issue. "[26 U.S.C. § 6103] does not block access, through pretrial discovery or otherwise, to copies of tax returns in the possession of litigants; all it prevents is the IRS's sharing tax returns with other government agencies." *Commodity Futures Trading Comm'n v. Collins*, 997 F.2d 1230, 1233 (7th Cir. 1993). Here, CPS proposes to subpoena Garnishee Defendants' tax returns and return information from Garnishee Defendants' accountants. [Dkt. 232.] Thus, 26 U.S.C. § 6103 does not apply in this instance.[4]

Second, Garnishee Defendants' general reference to the Indiana accountant-client privilege is not sufficient to show that the privilege applies here. Indiana law protects accountant-client communications as privileged. Ind. Code § 25–2.1–14–1. However, "Indiana courts disfavor such statutorily created privileges and therefore strictly construe them to limit their application. Not only must the party asserting privilege establish each of its essential elements; it must also invoke the privilege on a document-by-document basis." *Indianapolis Airport Auth. V. Travelers Prop. Cas. Co. of Am.*, 2015 WL 4715202, at *7 n.5 (S.D. Ind. Aug. 7, 2015) (quoting *Pain Center of SE Ind., LLC v. Origin Healthcare Solutions LLC*, No. 1:13–CV–00133–RLY–DKL, 2015 WL 2166708, at *2 (S.D. Ind. May 8, 2015)). Here, Garnishee Defendants made a "blanket assertion" of privilege of their tax returns and return information without asserting privilege on a document-by-document basis. [*See* Dkt. 232; Dkt. 233.] As a

---

[4] The Court acknowledges that Garnishee Defendants' tax returns may contain information of a confidential nature. While such does not render the information immune from discovery, contemporaneous with the entry of this order, the Court will enter a protective order pursuant to which the parties may preserve the confidentiality of such information from dissemination outside the bounds of this case, as appropriate.

result, Garnishee Defendants failed to properly invoke the Indiana accountant-client privilege on the documents sought.

Moreover, as CPS correctly pointed out, "the tax returns themselves fall outside the scope of the accountant-client privilege because those are documents intended to be communicated to a third person—either the IRS or Indiana Department of Revenue." [Dkt. 235 at 11.] In *Airgas Mid-America, Inc. v. Long*, the Court of Appeals of Indiana noted that "communications intended to be transmitted to a third person are not privileged." *Airgas Mid-Am., Inc. v. Long*, 812 N.E.2d 842, 845 n.3 (Ind. Ct. App. 2004). Thus, even if Garnishee Defendants had asserted privilege on a document-by-document basis, the tax returns themselves still fall outside the scope of the accountant-client privilege because they were intended to be submitted to either the IRS or the Indiana Department of Revenue.

Finally, Garnishee Defendants do not have a qualified privilege providing added protection to their tax returns and return information. Garnishee Defendant mainly rely on the two-part test in *Gattegno v. PricewaterhouseCoopers, LLP*, 205 F.R.D. 70 (D. Conn. 2001), to support their argument. However, the *Gattegno* test is a federal common law and federal common law is not applicable in this proceedings supplemental. *See Symons Int'l Grp., Inc. v. Cont'l Cas. Co.*, 306 F.R.D. 612, 617 (S.D. Ind. 2014) (provide that state law governs proceedings supplemental); *see also* Fed. R. Evid. 501 ("[I]n a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decisions.").

Furthermore, even if the *Gattegno* two-prong test did apply here, Garnishee Defendants still fail to establish that their tax returns and return information meet all the requirements of the test. *Gattegno* provided that income tax returns were entitled to "qualified privilege" from discovery in civil actions, but such privilege could be overcome when: (1) it clearly appeared

12

that tax returns were relevant to the subject matter of the action or to issues raised there under, and (2) there was a compelling need for the tax returns because information contained therein was not otherwise readily obtainable. *Gattegno*, 205 F.R.D. at 73. Here, as stated above, Garnishee Defendants' tax returns and return information are relevant in this proceedings supplemental to determine whether Garnishee Defendants or Robinson V., Inc. is the owner of the disputed equipment and whether Garnishee Defendants owe Robinson V., Inc. any debt. Moreover, there is a compelling need for Garnishee Defendants' tax returns because the information contained therein is not otherwise readily obtainable from any other sources.[5] Accordingly, Garnishee Defendants' tax returns and return information are neither privileged nor confidential.

### III. Conclusion

For the foregoing reasons, the Court **DENIES** Garnishee Defendants' *Joint Motion for Entry of a Discovery Protective Order*. [Dkt. 232.]

Dated: 14 FEB 2018

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically
on all ECF-registered counsel of record
via email generated by the Court's ECF system.

---

[5] For example, whether Garnishee Defendants took depreciation of the dispute equipment and whether Garnishee Defendants represented to the IRS that they owe any debt to Robinson V., Inc.